GEORGE S. CARDONA
Acting United States Attorney
THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division
JANET C. HUDSON (Cal. State Bar # 113996)
Assistant United States Attorney
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:   (213) 894-6356
    Facsimile:   (213) 894-3713
    E-mail:   janet.hudson@usdoj.gov

Attorney for Plaintiff
United States of America

                    UNITED STATES DISTRICT COURT

               FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,        )    CR 07-138-PLA
                                 )
                Plaintiff,       )    PLEA AGREEMENT FOR DEFENDANT
                                 )    ADRIEN AIACHE
           v.                    )
                                 )
ADRIEN AIACHE,                   )
                                 )
                Defendant.       )
                                 )
_____)

     1.   This constitutes the plea agreement between defendant

ADRIEN AIACHE ("defendant") and the United States Attorney's

Office for the Central District of California ("the USAO") in the

above-captioned case.  This agreement is limited to the USAO and

cannot bind any other federal, state, or local prosecuting,

administrative, or regulatory authorities.

///

///

PLEA

2.    Defendant gives up the right to indictment by a grand jury and agrees to plead guilty to a one-count information in the form attached to this agreement or a substantially similar form.

NATURE OF THE OFFENSE

3.    In order for defendant to be guilty of count one, a misdemeanor violation of Title 21, United States Code, Sections 331(c), 333(a)(1), and 352(f), the following must be true:  (1) defendant received in interstate commerce a drug; (2) that drug was misbranded; and (3) defendant delivered or proffered for delivery the drug, for pay or otherwise.  Defendant admits that defendant is, in fact, guilty of this offense as described in count one of the information.

PENALTIES AND FORFEITURE

4.    The statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 331(c), 333(a)(1), and 352(f) is: one year imprisonment; a one-year period of supervised release; a fine of $1,000; and a mandatory special assessment of $25.

5.    Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6.    Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

7.    Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to, deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

8.    Defendant and the USAO agree and stipulate to the statement of facts provided below.  This statement of facts includes facts sufficient to support a plea of guilty to the charges described in this agreement and to establish the sentencing guidelines factors set forth in paragraph 11 below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to defendant that relate to that conduct.

During 2003-2004, defendant was a physician with an office located at 9884 Little Santa Monica Boulevard, Suite 102, Beverly Hills, California 90212.  As part of his practice prior to September 3, 2003, defendant injected patients with Botox, a Botulinum Toxin Type A drug manufactured by Allergan, Inc. that was approved by the Food & Drug Administration ("FDA") for the

1 treatment of glabellar lines (frown lines between the brows).

2     In 2003, defendant began ordering a Botulinum Toxin Type A
3 drug manufactured by Toxin International, Inc. ("TRI"), located
4 in Tucson, Arizona, hereafter referred to as "TRI-Tox," instead
5 of Botox.  TRI-Tox was marketed as a cheaper alternative to
6 Botox.  From on or about September 3, 2003, and continuing to on
7 or about October 25, 2004, defendant placed sixteen orders for a
8 total of thirty four vials of TRI-Tox which defendant had shipped
9 by UPS to his office or, after the first two shipments, to
10 defendant's home.  Defendant paid TRI for the TRI-Tox with his
11 credit card.  The TRI-Tox did not come with labeling or
12 directions on how to dilute the product for injection.  The TRI-
13 Tox label stated "for research purposes only" and "not for human
14 use" as did TRI's invoices.  Defendant stated in an interview on
15 May 13, 2005, that he injected the TRI-Tox into his family
16 members, medical staff personnel, personal friends, and himself.

17     9.   By pleading guilty, defendant gives up the following
18 rights:

19         a)   The right to persist in a plea of not guilty.

20         b)   The right to a speedy and public trial by jury.

21         c)   The right to the assistance of legal counsel at
22 trial, including the right to have the Court appoint counsel for
23 defendant for the purpose of representation at trial.  (In this
24 regard, defendant understands that, despite his plea of guilty,
25 he retains the right to be represented by counsel and, if
26 necessary, to have the court appoint counsel if defendant cannot
27 afford counsel - at every other stage of the proceedings.)

28

4

1    d)    The right to be presumed innocent and to have the

2    burden of proof placed on the government to prove defendant

3    guilty beyond a reasonable doubt.

4    e)    The right to confront and cross-examine witnesses

5    against defendant.

6    f)    The right, if defendant wished, to testify on

7    defendant's own behalf and present evidence in opposition to the

8    charges, including the right to call witnesses and to subpoena

9    those witnesses to testify.

10    g)    The right not to be compelled to testify, and, if

11    defendant chose not to testify or present evidence, to have that

12    choice not be used against defendant.

13    By pleading guilty, defendant also gives up any and all

14    rights to pursue any affirmative defenses, Fourth Amendment or

15    Fifth Amendment claims, and other pretrial motions that have been

16    filed or could be filed.

17                          SENTENCING FACTORS

18    10.   Defendant understands that the Court is required to

19    consider the United States Sentencing Guidelines ("U.S.S.G." or

20    "Sentencing Guidelines") among other factors in determining

21    defendant's sentence.  Defendant understands, however, that the

22    Sentencing Guidelines are only advisory, and that after

23    considering the Sentencing Guidelines, the Court may be free to

24    exercise its discretion to impose any reasonable sentence up to

25    the maximum set by statute for the crime of conviction.

26    11.   Defendant and the USAO agree and stipulate to the

27    following applicable sentencing guideline factors:

28

                                    5

| | | | | |
|---|---|---|---|---|
| Base Offense Level | : | 6 | [U.S.S.G. § 2N2.1] |
| Adjustments | | | |
| Abuse of position of trust or special skill | : | +2 | [U.S.S.G. § 3B1.3] |
| Acceptance of responsibility | : | -2 | [U.S.S.G. § 3E1.1] |
| Total | : | 6 | |

Subject to paragraph 13, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures, from either the applicable Offense Level or Criminal History Category, be imposed.  If, however, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section.

12.   There is no agreement as to defendant's criminal history or criminal history category.

13.   The stipulations in this agreement do not bind either the United States Probation Office or the Court.  Both defendant and the USAO are free to:  (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's sentencing guidelines calculations are not error, although each party agrees to

1  maintain its view that the calculations in paragraph 11 are
2  consistent with the facts of this case.
3                       DEFENDANT'S OBLIGATIONS
4       14.  Defendant agrees that he will:
5            a) Plead guilty as set forth in this agreement.
6            b) Not knowingly and willfully fail to abide by all
7  sentencing stipulations contained in this agreement.
8            c) Not knowingly and willfully fail to:  (i) appear as
9  ordered for all court appearances, (ii) surrender as ordered for
10 service of sentence, (iii) obey all conditions of any bond, and
11 (iv) obey any other ongoing court order in this matter,
12           d) Not commit any crime; however, offenses which would
13 be excluded for sentencing purposes under U.S.S.G. § 4A1.2(e) are
14 not within the scope of this agreement.
15           e) Not knowingly and willfully fail to be truthful at
16 all times with Pretrial Services, the U.S. Probation Office, and
17 the Court.
18           f) Pay the applicable special assessment at or before
19 the time of sentencing unless defendant lacks the ability to pay.
20                      THE USAO'S OBLIGATIONS
21      15.  If defendant complies fully with all defendant's
22 obligations under this agreement, the USAO agrees:
23           a) To abide by all sentencing stipulations contained in
24 this agreement.
25           b) Except for criminal tax violations (including
26 conspiracy to commit such violations chargeable under 18 U.S.C. §
27 371), not to further prosecute defendant for violations arising
28

                                  7

1  out of defendant's conduct described in the stipulated factual
2  basis set forth in paragraph 8 above.  Defendant understands that
3  the USAO is free to prosecute defendant for any other unlawful
4  past conduct or any unlawful conduct that occurs after the date
5  of this agreement.  Defendant agrees that at the time of
6  sentencing the Court may consider any uncharged conduct in
7  determining the applicable Sentencing Guidelines range, where the
8  sentence should fall within that range, the propriety and extent
9  of any departure from that range, and the determination of the
10  sentence to be imposed after consideration of the Sentencing
11  Guidelines and all other relevant factors.

12         c) At the time of sentencing, provided that defendant
13  demonstrates an acceptance of responsibility for the offense up
14  to and including the time of sentencing, to recommend a two-level
15  reduction in the applicable Sentencing Guidelines offense level,
16  pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary,
17  move for an additional one-level reduction if available under
18  that section.

19         d) To recommend that defendant be sentenced at the low
20  end of the applicable Sentencing Guidelines range provided that
21  the total offense level as calculated by the Court is six or
22  higher and provided that the Court does not depart downward in
23  offense level or criminal history category.

24                        BREACH OF AGREEMENT

25     16.   If defendant, at any time between the execution of this
26  agreement and defendant's sentencing on a non-custodial sentence
27  or surrender for service on a custodial sentence, knowingly

28

                                 8

1 | violates or fails to perform any of defendant's obligations under
2 | this agreement ("a breach"), the USAO may declare this agreement
3 | breached.  If the USAO declares this agreement breached, and the
4 | Court finds such a breach to have occurred, defendant will not be
5 | able to withdraw defendant's guilty plea, and the USAO will be
6 | relieved of all of its obligations under this agreement.

7 |     17.  Following a knowing and willful breach of this
8 | agreement by defendant, should the USAO elect to pursue any
9 | charge that was either dismissed or not filed as a result of this
10 | agreement, then:

11 |         a) Defendant agrees that any applicable statute of
12 | limitations is tolled between the date of defendant's signing of
13 | this agreement and the commencement of any such prosecution or
14 | action.

15 |         b) Defendant gives up all defenses based on the statute
16 | of limitations, any claim of preindictment delay, or any speedy
17 | trial claim with respect to any such prosecution, except to the
18 | extent that such defenses existed as of the date of defendant's
19 | signing of this agreement.

20 |         c) Defendant agrees that: i) any statements made by
21 | defendant, under oath, at the guilty plea hearing; ii) the
22 | stipulated factual basis statement in this agreement; and iii)
23 | any evidence derived from such statements, are admissible against
24 | defendant in any future prosecution of defendant, and defendant
25 | shall assert no claim under the United States Constitution, any
26 | statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of
27 | the Federal Rules of Criminal Procedure, or any other federal

28 |

9

1 | rule, that the statements or any evidence derived from any
2 | statements should be suppressed or are inadmissible.

3 |       LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

4 |      18.  Defendant gives up the right to appeal any sentence
5 | imposed by the Court, and the manner in which the sentence is
6 | determined, provided that (a) the sentence is within the
7 | statutory maximum specified above and is constitutional, (b) the
8 | Court in determining the applicable guideline range does not
9 | depart upward in offense level or criminal history category and
10 | determines that the total offense level is 6 or below, and (c)
11 | the Court imposes a sentence within or below the range
12 | corresponding to the determined total offense level and criminal
13 | history category.  Defendant also gives up any right to bring a
14 | post-conviction collateral attack on the conviction or sentence,
15 | except a post-conviction collateral attack based on a claim of
16 | ineffective assistance of counsel, a claim of newly discovered
17 | evidence, or an explicitly retroactive change in the applicable
18 | Sentencing Guidelines, sentencing statutes, or statutes of
19 | conviction.  Notwithstanding the foregoing, defendant retains the
20 | ability to appeal the court's determination of defendant's
21 | criminal history category and the conditions of probation or
22 | supervised release imposed by the court, with the exception of
23 | the following: standard conditions set forth in district court
24 | General Orders 318 and 01-05; the drug testing conditions
25 | mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol
26 | and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).
27 |     19.  The USAO gives up its right to appeal the sentence,
28 |

provided that (a) the Court in determining the applicable
guideline range does not depart downward in offense level or
criminal history category, (b) the Court determines that the
total offense level is 6 or above, and (c) the Court imposes a
sentence within or above the range corresponding to the
determined total offense level and criminal history category.

### COURT NOT A PARTY

20.   The Court is not a party to this agreement and need not
accept any of the USAO's sentencing recommendations or the
parties' stipulations.  Even if the Court ignores any sentencing
recommendation, finds facts or reaches conclusions different from
any stipulation, and/or imposes any sentence up to the maximum
established by statute, defendant cannot, for that reason,
withdraw defendant's guilty plea, and defendant will remain bound
to fulfill all defendant's obligations under this agreement.  No
one - not the prosecutor, defendant's attorney, or the Court -
can make a binding prediction or promise regarding the sentence
defendant will receive, except that it will be within the
statutory maximum.

### NO ADDITIONAL AGREEMENTS

21.   Except as set forth herein, there are no promises,
understandings or agreements between the USAO and defendant or
defendant's counsel.  Nor may any additional agreement,
understanding or condition be entered into unless in a writing
signed by all parties or on the record in court.

### PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

22.   The parties agree and stipulate that this Agreement

1 │ will be considered part of the record of defendant's guilty plea

2 │ hearing as if the entire Agreement had been read into the record

3 │ of the proceeding.

4 │      This agreement is effective upon signature by defendant and

5 │ an Assistant United States Attorney.

6 │ AGREED AND ACCEPTED

7 │ UNITED STATES ATTORNEY'S OFFICE
  │ FOR THE CENTRAL DISTRICT OF CALIFORNIA

8 │
  │ GEORGE S. CARDONA

9 │ Acting United States Attorney

10 │

11 │                                          3/26/07
   │ JANET C. HUDSON                          Date

12 │ Assistant United States Attorney

13 │      I have read this agreement and carefully discussed every

14 │ part of it with my attorney.  I understand the terms of this

15 │ agreement, and I voluntarily agree to those terms.  My attorney

16 │ has advised me of my rights, of possible defenses, of the

17 │ Sentencing Guideline provisions, and of the consequences of

18 │ entering into this agreement.  No promises or inducements have

19 │ been made to me other than those contained in this agreement.  No

20 │ one has threatened or forced me in any way to enter into this

21 │ agreement.  Finally, I am satisfied with the representation of my

22 │ attorney in this matter.

23 │

24 │                                          2/13/07
   │ ADRIEN AIACHE                            Date

25 │ Defendant

26 │      I am defendant Adrien Aiache's attorney.  I have carefully

27 │ discussed every part of this agreement with my client.  Further,

28 │

12

1  I have fully advised my client of his rights, of possible
2  defenses, of the Sentencing Guidelines' provisions, and of the
3  consequences of entering into this agreement.  To my knowledge,
4  my client's decision to enter into this agreement is an informed
5  and voluntary one.
6
7
   ROBERT AICHER                          Date
8  Counsel for Defendant
   ADRIEN AIACHE
9

2/15/07

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

13

## CERTIFICATE OF SERVICE

I, **Stephanie Swisher**, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

### PLEA AGREEMENT FOR DEFENDANT ADRIEN AIACHE

**service was:**

[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[ ] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

[**XX** ] Electronic Mail

[ ] By hand delivery addressed as follows:

[ ] By facsimile as follows:

[ ] By messenger as follows:

[ ] By federal express as follows:

This Certificate is executed on **March 27, 2007**, at Los Angeles, California. I certify under penalty of perjury that the foregoing is true and correct.

_____
Stephanie Swisher